UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL-JOHN SANTOS-WALTERS,
Plaintiff,

v.

D. GODINEZ, et al.,
Defendants.

Case No. 25-cv-09886-JST

**ORDER OF DISMISSAL**

Plaintiff, an inmate currently housed at Salinas Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. The operative complaint (ECF No. 16) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

Plaintiff commenced this action by filing the complaint docketed at ECF No. 1. On December 15, 2025, Plaintiff filed another complaint, titled "Motion for Jury Trial Demanded. Jury Trial Demanded. Complaint for Money Damages and Injunction." ECF No. 8. On February 7, 2026, Plaintiff filed a supplemental complaint. ECF No. 14. On March 6, 2026, Plaintiff filed yet another complaint, titled "Amended Complaint/Summons." ECF No. 16. An amended complaint completely replaces the prior complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). ECF No. 16 is therefore the operative complaint.

**I. Legal Standard**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

/ / /

**II. Operative Complaint (ECF No. 16)**

The operative complaint consists of a 32-page "amended complaint," Dkt. No 16 at 1-32; 52 pages of exhibits, Dkt. No. 16 at 33-84; a 2-page prayer for relief, Dkt. No. 16 at 85-86; and a 28-page complaint, Dkt. No. 16 at 87-117. It is unclear if Plaintiff intends for Dkt. No. 16 at 1-32 to be the operative complaint, or for Dkt. No. 16 at 87-117 to be the operative complaint. Regardless of whether Dkt. No. 16 at 1-32 or Dkt. No. 16 at 87-117 is intended to be the operative complaint, the Court finds that neither states a cognizable claim for relief.

In Dkt. No. 16 at 1-32, Plaintiff names as defendants approximately 120 correctional officials, twenty-four of which are Doe defendants. Of the 120 defendants, 116 are identified as Salinas Valley State Prison ("SVSP") correctional officials, and the remainder are identified as San Quentin State Prison ("SQSP") correctional officials. Dkt. No. 16 at 87-117 only specifies SVSP Warden J. Doe as a defendant. Dkt. No. 16 at 87.

Both Dkt. No. 16 at 1-32 and Dkt. No. 16 at 87-117 allege the following. In order to prevent Plaintiff from exposing the existence of micro-cameras in his cells, Defendants are conspiring to have Plaintiff killed by other inmates by showing inmates and staff a video of Plaintiff playing with himself while watching children. Defendants have solicited other inmates to kill Plaintiff; have placed micro-cameras in every cell that Plaintiff is housed in; allow staff and inmates to monitor Plaintiff 24/7 via the micro-cameras, including when he is naked; broadcast the video footage of Plaintiff's cell to other inmates' screens and cellphones; monitor Plaintiff via a bone conduction system that allows them to hear Plaintiff's thoughts; allow staff and inmates to enter Plaintiff's housing area through a lower shower; are falsely claiming that Plaintiff is having a mental breakdown; are listening to Plaintiff's privileged communications with his attorney through the bone conduction system; transmitting their conversations in such a manner that it sounds as if staff are sitting and talking beside Plaintiff's bed, preventing Plaintiff from sleeping; stole Plaintiff's boombox; encouraged Plaintiff to kill himself; and refuse to investigate Plaintiff's claims. On July 26, 2025, Plaintiff grabbed a shank and chased inmate Ortiz around the dayroom. Later that same day, Plaintiff stabbed inmate Barrajas. Correctional staff have placed drugs in the charger for Plaintiff's tablet. On January 15, 2026, Plaintiff blacked out and when he came to, he

was told that he had assaulted an officer. Plaintiff's claims can be proven by footage from the AVSS and correctional officers' body worn cameras.

Neither Dkt. No. 16 at 1-32 and Dkt. No. 16 at 87-117 tie the alleged events above to the violation of a right secured by the Constitution or laws of the United States. Dkt. No. 16 at 87-89 lists various state law provisions that were allegedly violated.

**III. Dismissal with Prejudice**

Plaintiff's claims that, in order to monitor and kill him, micro-cameras have been instead in his cells; a bone conduction has been implanted in him that can transmit both his non-verbal thoughts and his spoken statements; inmates and staff enter through a lower shower to access his cell; and inmates and staff monitor him 24/7 are fantastical and implausible. Moreover, although Plaintiff alleges a conspiracy between prison officials and inmates to kill him, the only assaults that have taken place are *his* assaults on inmates and staff – his attempted assault and assault on other inmates on July 26, 2025, and his assault on a correctional officer on January 15, 2026. Plaintiff has not described any assaults or attempted assaults that he has suffered. Assuming arguendo that Plaintiff is alleging that Defendants have been deliberately indifferent to his safety in violation of the Eighth Amendment, the complaint's allegations fail to establish that Defendants' alleged actions have put him at risk, as there have been no attacks on Plaintiff. Regardless, on the whole, Plaintiff's allegations are irrational and implausible. The Court therefore DISMISSES the complaint. *See Neitzke*, 490 U.S. at 327–28 (Section 1915(d) provides judges authority to dismiss claims describing fantastic or delusional scenarios). The dismissal is with prejudice as amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action with prejudice. The Clerk shall deny all pending motions as moot. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 15, 2026

JON S. TIGAR
United States District Judge