United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL-JOHN SANTOS-WALTERS,<br>Plaintiff,<br>v.<br>D. GODINEZ, et al.,<br>Defendants. | Case No. 25-cv-09886-JST<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>Re: ECF No. 27 |

Plaintiff has filed this *pro se* action, which the Court dismissed for failure to state a cognizable claim for relief. ECF No. 24. For the reasons set forth below, the Court DENIES the renewed request for reconsideration of the dismissal. ECF No. 27.

**DISCUSSION**

**I. Background**

In the operative complaint, Plaintiff named as defendants approximately 120 correctional officials, twenty-four of which are Doe defendants. Of the 120 defendants, 116 are identified as Salinas Valley State Prison ("SVSP") correctional officials, and the remainder are identified as San Quentin State Prison ("SQSP") correctional officials. According to the operative complaint, correctional officials sought to prevent Plaintiff from exposing the placement of micro-cameras the size of a speck of dust by conspiring to have Plaintiff murdered by other inmates. To encourage other inmates to kill Plaintiff, correctional officials monitor Plaintiff via the micro-cameras and broadcast the footage to other inmates' televisions and cellphones; and correctional officials have shared with each other and inmates video footage of Plaintiff playing with himself as he watches children. Correctional officials have also implanted a bone conduction system in Plaintiff that allows them to hear Plaintiff's thoughts; placed drugs in the charger for Plaintiff's

United States District Court
Northern District of California

tablet; allowed staff and inmates to enter Plaintiff's housing area through a lower shower; falsely claimed that Plaintiff is having a mental breakdown; and transmitted their conversations in such a manner that it sounds as if staff are sitting and talking next to Plaintiff's bed. The complaint does not tie the alleged events to the violation of a right secured by the Constitution or laws of the United States, but does list various state law provisions that were allegedly violated. *See generally* ECF No. 16.

The Court dismissed ECF No. 16 with prejudice because Plaintiff's claims are irrational and implausible:

> Plaintiff's claims that, in order to monitor and kill him, micro-cameras have been instead in his cells; a bone conduction has been implanted in him that can transmit both his non-verbal thoughts and his spoken statements; inmates and staff enter through a lower shower to access his cell; and inmates and staff monitor him 24/7 are fantastical and implausible. Moreover, although Plaintiff alleges a conspiracy between prison officials and inmates to kill him, the only assaults that have taken place are *his* assaults on inmates and staff – his attempted assault and assault on other inmates on July 26, 2025, and his assault on a correctional officer on January 15, 2026. Plaintiff has not described any assaults or attempted assaults that he has suffered. Assuming arguendo that Plaintiff is alleging that Defendants have been deliberately indifferent to his safety in violation of the Eighth Amendment, the complaint's allegations fail to establish that Defendants' alleged actions have put him at risk, as there have been no attacks on Plaintiff. Regardless, on the whole, Plaintiff's allegations are irrational and implausible. The Court therefore DISMISSES the complaint. *See Neitzke*, 490 U.S. at 327–28 (Section 1915(d) accords judges authority to dismiss claims describing fantastic or delusional scenarios). The dismissal is with prejudice as amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

ECF No. 24 at 4.

## II. Motion for Reconsideration

### A. Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248

F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**B. Analysis**

Plaintiff has filed a motion for reconsideration, arguing that the Court erred in dismissing his allegations as irrational and implausible because he can prove his allegations. He states that he requires appointment of counsel so that the micro-cameras "and other evidence" can be examined by electronmicroscope and other such technology; that the prison AVSS and BWC footage will prove his allegations; and that other inmates can substantiate his claims. He has resubmitted with his motion for reconsideration declarations from five other inmates who state under penalty of perjury that, from July 2025 to December 2025, they witnessed correctional officers soliciting other inmates to kill Plaintiff and showing inmates videos of Plaintiff in his cell; and that when they turned on their television, they would see footage of Plaintiff in his cell and would hear a low voice that did not sound like Plaintiff and while Plaintiff was not speaking. *See generally* ECF No. 27. Plaintiff had previously submitted three of these declarations with his complaint. *Compare* ECF No. 27 at 5-19 (declarations from inmates Monte Collins, Juan Gonzalez, and Delian Brewer) *with* ECF No. 16 at 37-42 (same).

The Court denies the motion for reconsideration because Plaintiff has not provided newly discovered evidence that justifies vacating the dismissal; and has not demonstrated that the Court had committed clear error in dismissing the action with prejudice or that the dismissal with prejudice was manifestly unjust. The declarations from the other inmates repeat the same fantastic and delusional allegations made in the complaint: micro cameras the size of paint chips or a speck

of dust that are sophisticated enough to broadcast footage to inmate televisions and a bone conduction technology that broadcasts audio of Plaintiff's thoughts to accompany the video footage from the micro cameras. Regardless, even if Plaintiff's allegations are true, Plaintiff has failed to establish that these micro cameras or correctional officers' solicitation of murder have exposed him to an excessive risk of harm. As noted in the order of dismissal, despite the alleged months-long conspiracy by correctional officials to kill Plaintiff, there have been no assaults on Plaintiff. The only assaults that have taken place are Plaintiff's assaults on inmates and staff – his attempted assault and assault on other inmates on July 26, 2025, and his assault on a correctional officer on January 15, 2026. In both the complaint and the reconsideration motion, Plaintiff alleges that these assaults were acts of self-defense, and that the inmate and correctional officer attacked had been attempting to kill him as part of the conspiracy. However, this allegation is not supported by Plaintiff's description of the relevant attacks. Plaintiff describes the July 2025 attack as him chasing inmate Ortega with a knife, and making two attempts that day to assault other inmates. Plaintiff states that he does not recall what led to the January 15, 2026 assault: "I remember writing down my CDCR number and something occurred, was told I assaulted an officer." ECF No. 16 at 17.

The only new evidence presented in Plaintiff's motion for reconsideration are the declarations of inmates Orlando Ochoa and Gabriel Medina. These declarations merely repeat the allegations made by Plaintiff in the complaint. As the Court has stated earlier in its reasoned order of dismissal, even assuming the truth of Plaintiff's allegations, it cannot be reasonably inferred from these allegations that Defendants' alleged actions have put Plaintiff's safety at risk. The Court therefore did not commit clear error in dismissing the complaint with prejudice, and the dismissal was therefore not manifestly unjust.

## CONCLUSION

For the reasons set forth above, the Court DENIES the request for reconsideration. ECF No. 27. This case remains closed.

/ / /

/ / /

This order terminates ECF No. 27.

**IT IS SO ORDERED.**

Dated: November 12, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California